UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| EAGLE HEMP, LLC, | Case No. 8:23-bk-4137-RCT |
| TRIM LIFE LABS, LLC, | Case No. 8:23-bk-4138-RCT |
| Debtors. | *Jointly Administered under* |
| _____/ | *Case No. 8:23-bk-4137-RCT* |
| EAGLE HEMP, LLC, | |
| Plaintiff, | |
| v. | Adversary Proc. No. 8:23-ap-_____-RCT |
| AFFILIATI NETWORK, LLC, | |
| Defendant. | |
| _____/ | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

EAGLE HEMP, LLC (the "**Debtor**") sues THE AFFILIATI NETWORK, LLC (the "**Defendant**" or "**Affiliati**") to enjoin the Defendant's prosecution against Barry Atkins ("**Mr. Atkins**") of the action styled *The Affiliati Network, LLC v. Eagle Hemp, LLC and Barry Atkins*, pending in the American Arbitration Association, International Centre for Dispute Resolution, Case No. 01-0003-7430 (the "**Arbitration Action**").

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, in that it arises in and relates to the Chapter 11 case pending before this Court filed by the Debtor.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (0).

4. The statutory predicates for the relief sought herein are 11 U.S.C. §105(a) and 28 U.S.C. § 1334 and Fed.R.Bankr.P. 7001(7) and 7065.

## The Parties

5. The Debtor is a Florida corporation.

6. Mr. Atkins is the Debtor's President. Mr. Atkins is a resident of Polk County, Florida.

7. Defendant Affiliati is a limited liability company organized under the laws of the State of Delaware, which has its principal place of business in Miami Beach, Florida 33139.

## The Debtor's Business

8. The Debtor is a Florida limited liability company which was formed in June of 2019. Eagle Hemp manufactures and sells ultra-purified full spectrum cannabidiol ("**CBD**") products formulated with U.S. grown hemp and extracted using Good Manufacturing Practices at facilities certified to meet FDA quality standards. The CBD products include tinctures, gummies, and topical cream. Eagle Hemp manufactures CBD oil for its products at its facility in Lakeland, Florida.

## The Chapter 11 Case

9. On September 20, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**.

10. The Debtor's assets consist primarily of cash, accounts receivable, inventory, and raw materials.

11. The Debtor's creditors consist of the Defendant who is seeking a judgment in the amount of $984,600 and other unsecured obligations estimated at $8.1 million.

12. It is contemplated that the Debtor will engage in a sales process of substantially all of the Debtor's assets.

13. In advance of the deadline imposed by the Bankruptcy Code, the Debtor intends to file a plan of reorganization which provides for distribution of such sale proceeds towards: (a) the payment of any allowed administrative and priority tax claims on the effective date; (b) the payment of allowed secured claims from the sale proceeds; (c) the payment of any allowed priority claims on the effective date; and (d) the payment of allowed unsecured claims, from sale proceeds remaining after the payment of operating expenses and senior claims.

14. The Debtor currently has six (6) employees, including Mr. Atkins. Mr. Atkins serves as President to the Debtor and has been managing the Debtor's operations for four (4) years. Mr. Atkins is essential to the Debtor's reorganization efforts. He oversees every facet of the Debtor's operations on a daily basis, including communications with vendors, employees, other constituents, and creditors.

## The Arbitration Action

15. On or about September 2, 2022, the Defendant brought the Arbitration Action asserting in its Demand for Arbitration and Statement of Claim breach of an affiliate marketing contract for failure to pay outstanding invoices in the amount of $984,600.00 against the Debtor and Mr. Atkins. Specifically, the Defendant brought four counts – Count I for Breach of Contract against the Debtor and Mr. Atkins, Count II for Open Account against the Debtor, Count III for Account Stated against the Debtor, and Count IV for Unjust Enrichment against the Debtor and Mr. Atkins. The Defendant asserts that Mr. Atkins agreed to guarantee payment under the marketing contract; an assertion which Mr. Atkins disputes.

16. The Defendant filed in the Arbitration Action a Motion for Summary Judgment seeking a judgment in the amount of $984,600.00, plus attorney's fees and prejudgment interest. On September 1, 2023, the arbitrator entered his *Order on Dispositive Motion* with the issue of the amount to be awarded to be determined. The Defendant was to submit an application for attorneys' fees and calculation of any interest that it claims, with time for the Debtor and Mr. Atkins to respond. As of the Petition Date, no judgment has been entered in the Arbitration Action.

## Count I--Injunctive Relief

17. The allegations of paragraphs 1–16 are incorporated herein by reference.

18. This is an action for injunctive relief pursuant to § 105(a) of the Bankruptcy Code and Rule 7065 of the Fed.R.Bankr.P.

19. This complaint seeks temporary and preliminary relief through the entry of a preliminary injunction enjoining the Defendant from prosecuting the Arbitration Action against Mr. Atkins for the duration of the Debtor's bankruptcy case, up to and including the entry of a final order confirming the Debtor's plan (as such may be amended from time to time).

## Substantial Likelihood on the Merits

20. The Debtor has a substantial likelihood of success in achieving a successful reorganization, particularly if it has the assistance of Mr. Atkins.

21. In advance of the deadline imposed by the Bankruptcy Code, the Debtor intends to file a plan of reorganization which provides for distribution of such sale proceeds towards: (a) the payment of any allowed administrative and priority tax claims on the effective date; (b) the payment of allowed secured claims from the sale proceeds; (c) the payment of any allowed priority claims on the effective date; and (d) the payment of allowed unsecured claims, from sale proceeds remaining after the payment of operating expenses and senior claims.

**Irreparable Harm**

22. In this case, there are "unusual circumstances" giving rise to irreparable harm.

23. If Defendant is not enjoined from prosecuting the Arbitration Action against Mr. Atkins during the pendency of this Chapter 11 case, it will have catastrophic, deleterious effects on the Debtor's ability to reorganize and pay creditors claims.

24. The Debtor cannot operate without Mr. Atkins. He is the President. He oversees every facet of the Debtor's operations on a daily basis, including communications with vendors, employees, other constituents, and creditors. In addition, if the Arbitration Action proceeds, judgment is entered against Mr. Atkins, and the Defendant proceeds with collection efforts against Mr. Atkins:

   a. Mr. Atkins will be forced to expend additional resources to defend the Arbitration Action, which will adversely impact his willingness and ability to assist the Debtor with its plan of reorganization.

   b. Requiring Mr. Atkins to defend the Arbitration Action will be costly and time consuming to defend at a time when the Debtor needs Mr. Atkins's attention devoted to the reorganization effort.

   c. The entire reorganization effort would be in jeopardy as the Defendant may attempt to freeze, garnish, or levy on Mr. Atkins's assets, which would draw Mr. Atkin's attention away from the Debtor's reorganization efforts.

25. In addition, unless the Arbitration Action is stayed, the Debtor will suffer further irreparable harm because a judgment against Mr. Atkins may give rise to indemnification claims by Mr. Atkins against the estate. Furthermore, the Defendant may argue that its claim against the Debtor has been established and liquidated by the judgment against Mr. Atkins on his purported guarantee of the Debtor's obligations and that such judgment is binding against the Debtor.

26.     Allowing the Defendant to attempt to proceed to judgment will prejudice the rights of all creditors and result in an unfair distribution of assets based on a race to the courthouse.

### Balance of Prejudice

27.     In contrast to the irreparable harm set forth above, the evidence will show that Defendant will suffer little, if any, prejudice from a stay of the Arbitration Action pending confirmation of a plan of reorganization.

28.     At this initial stage of the case, it is contemplated that the Debtor will engage in a sales process of substantially all of its assets. In advance of the deadline imposed by the Bankruptcy Code, the Debtor intends to file a plan of reorganization which provides for distribution of such sale proceeds towards: (a) the payment of any allowed administrative and priority tax claims on the effective date; (b) the payment of allowed secured claims from the sale proceeds; (c) the payment of any allowed priority claims on the effective date; and (d) the payment of allowed unsecured claims, from sale proceeds remaining after the payment of operating expenses and senior claims.

29.     The only harm that might befall the Defendant is a relatively brief delay in the prosecution of the Arbitration Action if a plan is not confirmed.

30.     In the interim, the Defendant may file an appropriate proof of claim with this Court.

### Public Interest

31.     The public interest would not be harmed if the Court temporarily stays the Arbitration Action pending confirmation of a plan.

32.     The granting of the injunctive relief sought herein unequivocally advances a significant public interest, that is, in effectuating a successful reorganization of the Debtor as

contemplated by the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.; and in assuring that the legitimate rights of the customers, employees, creditors, and other parties in interest are protected.

WHEREFORE, the Debtor respectfully requests that the Court issue a preliminary injunction enjoining the Defendant's prosecution against Mr. Atkins in the Arbitration Action during the pendency of this Chapter 11 case pending confirmation of the plan (as may be amended from time to time), and provide such other and further relief as may be just and proper.

> */s/ Elena Paras Ketchum*
> Elena Paras Ketchum (FBN 0129267)
> Stichter, Riedel, Blain & Postler, P.A.
> 110 East Madison Street, Suite 200
> Tampa, Florida 33602
> Telephone: (813) 229-0144
> Email: eketchum@srbp.com
> Attorneys for Debtor/Plaintiff

## VERIFICATION

I, Barry Atkins, as President of the Debtor, Eagle Hemp, LLC, have read the foregoing and verify that the allegations contained therein are true and correct.

EAGLE HEMP, LLC

By: _____
Barry Atkins, President