UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                              Chapter 11

EAGLE HEMP, LLC,                                    Case No. 8:23-bk-04137-RCT
TRIM LIFE LABS, LLC,                                Case No. 8:23-bk-04138-RCT

      Debtors.

_____/

EAGLE HEMP, LLC

      Plaintiff,

vs.                                                 Adversary Proc. No. 8:23-ap-_____-RCT

THE AFFILIATI NETWORK, LLC;

      Defendant.

_____/

## MOTION FOR PRELIMINARY INJUNCTION WITH SUPPORTING MEMORANDUM OF LAW AND REQUEST FOR HEARING

EAGLE HEMP, LLC (the "**Debtor**") seeks a preliminary injunction during the pendency of this Chapter 11 case against The Affiliati Network, LLC, (the "**Defendant**" or "**Affiliati**") enjoining the Defendant's prosecution against Barry Atkins ("**Mr. Atkins**") of the action styled *The Affiliati Network, LLC vs. Eagle Hemp, LLC and Barry Atkins*, pending in the American Arbitration Association, International Centre for Dispute Resolution, Case. No. 01-22-0003-7430 (the "**Arbitration Action**").  In support of this motion, the Debtor states the following:

### Jurisdiction

1.      After notice to the Defendant and a hearing to be held before this Court, the Debtor requests a preliminary injunction pursuant to 11 U.S.C. § 105(a) and Fed.R.Bankr.P.

7065 based upon the facts set forth in the *Verified Complaint for Injunctive Relief* (Adv. Doc. No. 1) (the "**Complaint**") filed contemporaneously with this motion and the legal authorities set forth in the accompanying Memorandum of Law.

2.    As more particularly set forth in the Complaint and the Memorandum of Law set forth below, the Debtor submits that this Court should enter a preliminary injunction during the pendency of this Chapter 11 case enjoining the Defendant's prosecution against Mr. Atkins of the Arbitration Action.

3.    The Debtor seeks a preliminary injunction pending entry of an order confirming a plan of reorganization.  The injunction is proper because (1) the Debtor has a substantial likelihood of prevailing on the merits; (2) the Debtor will suffer irreparable harm unless the preliminary injunction is issued; (3) the injury to the Debtor outweighs any damages the injunction may cause to Defendant; and (4) the public interest would not be adversely affected if this Court issues a preliminary injunction pending confirmation of a plan.

WHEREFORE, the Debtor respectfully requests that the Court issue a preliminary injunction enjoining Defendant's prosecution against Mr. Atkins of the Arbitration Action during the pendency of this Chapter 11 case pending confirmation of a plan of reorganization and provide such other and further relief as may be just and proper.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR PRELIMINARY INJUNCTION

The Debtor files this Memorandum of Law in support of its motion for entry of a preliminary injunction.

4859-1920-9345, v. 4

## Argument and Citations of Authority

### A.      Jurisdiction and Venue

Under 28 U.S.C. §§ 157 and 1334, bankruptcy courts have nonexclusive jurisdiction over proceedings "related to" a case under the Bankruptcy Code.  The test articulated by the Eleventh Circuit for determining whether a civil proceeding is related to bankruptcy is "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."  *In re Boone*, 52 F.3d 958, 960 (11th Cir. 1995) (citations omitted) (emphasis added).  Because the outcome of the Arbitration Action could "conceivably have an effect on" the Debtor's estate and the Debtor's reorganization, the action is "related to" the bankruptcy case, and this Court has jurisdiction over this adversary proceeding.

### B.      Bankruptcy Court's § 105(a) Powers

Bankruptcy courts have the same injunctive powers as courts of equity.  S. Rep. No. 989, 95th Cong., 2d Sess. 51 (1978).  The statutory predicate for a bankruptcy court to issue a stay is § 105(a) of the Bankruptcy Code.  *Id.*  Under § 105(a)*,* bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."   This language includes issuing permanent injunctions, preliminary injunctions, and temporary restraining orders.  *See In re Kasual Kreation, Inc.*, 54 B.R. 915 (Bankr. M.D. Fla. 1985).

The jurisdictional test is whether failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through a third party. *Lahman Mfg. Co. v. First Nat'l Bank of Aberdeen (In re Lahman Mfg. Co.),* 33 B.R. 681 (Bankr. D.S.D. 1983).  The case law is replete with instances where § 105(a) has been used to enjoin court proceedings against non-debtor parties that would affect the debtor's bankruptcy case.

3

*Kasual Kreation*, 54 B.R. at 915. *See also*, *GAF Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 26 B.R. 405 (Bankr. S.D.N.Y. l983); *Otero Mills, Inc. v. Security Bank & Trust, (In re Otero Mills, Inc.)*, 21 B.R. 777 (Bankr. D.N.M. 1982). Indeed, this Court has enjoined such proceedings. *Alpha Rock, LLC et. al v. The CIT Group/Equipment Financing, Inc. (In re AlphaRock LLC et. al)*, Adv. Proc. No. 8:09-ap-00433-CPM (Doc. Nos. 7 and 26); *Time Definite Services, Inc. and Michael A. Suarez v. BMP Harris Bank, N.A.,* Adv. Proc. No. 8:20-ap-00090-MGW (Doc. Nos. 5 and 16).

Based upon the aforementioned cases and § 105(a)'s express language, the Court has the power to enjoin parties from proceeding in other courts against parties other than the Debtor when failing to enjoin the parties would harm this Debtor's bankruptcy case.

C.    <u>Standard for Preliminary Injunction</u>

It is well established that a preliminary injunction is an extraordinary and drastic remedy that may be granted only upon a clear and convincing showing that the movant has carried its burden on each element under Rule 7065 of the Bankruptcy Rules. *In re Stephen P. Nelson, D.C., P.A.*, 140 B.R. 814, 816 (Bankr. M.D. Fla. 1992) (citing *In re Costa & Head Land Co.*, 68 B.R. 296, 304 (Bankr. N.D. Ala. 1986)). To obtain the relief sought, the movant must show with the requisite degree of proof: (1) that the movant has a substantial likelihood of succeeding on the merits; (2) that the movant will suffer irreparable injury unless an injunction issues; (3) that the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and (4) that the injunction would not adversely affect the public interest. *Id*. (citing *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Calaway v. Block*, 763 F.2d 1283, 1287 (11th Cir. 1985)); *In re Olympia Holding Corp.*, 161 B.R. 524, 528 (Bankr. M.D. Fla. 1993). These elements are to be balanced and are not to be treated as prerequisites.

4

*American Imaging Services, Inc. v. Eagle Pricher Indus., Inc.* (*In re Eagle-Pricher Indus., Inc.*), 963 F.2d 855, 859 (6th Cir. 1992).   Consequently, a court may issue an injunction upon the overwhelming presence of one of the factors despite a weak showing on the others.   *Id*. at 860.

    D.  <u>Chapter 11 Co-debtor Stays</u>

   The automatic stay provisions of § 362(a) generally are not available to third-party non-debtors.   *See, e.g.*, *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509-10 (3d Cir. 1997) (explaining that it is "universally acknowledged that an automatic stay of proceedings accorded by § 362(a) may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor") (citations omitted).   It is equally well settled, however, that § 105(a) provides the bankruptcy courts with the authority to enjoin proceedings against non-debtors that would materially affect a debtor's effort to reorganize. *Nelson*, 140 B.R. at 816 (citing, *e.g.*, *In re Am. Hardwoods, Inc.*, 885 F.2d 621 (9th Cir. 1989). *See also*, *McCartney*, 106 F.3d at 509-510; *In re Sunbeam Securities*, 261 B.R. 534, 536 (S.D. Fla. 2001).   Although a stay of litigation against a non-debtor guarantor is the exception and not the rule, bankruptcy courts have found "unusual circumstances" necessary to justify a preliminary injunction staying litigation against a non-debtor guarantor in essentially three fact patterns.   *McCartney*, 106 F.3d at 509-510.

   Initially, courts have found "unusual circumstances" where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant, and, therefore, a judgment against the third-party defendant will, in effect, be a judgment or finding against the debtor."   *Id.* (citing *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)) (relying on both the automatic stay provisions and the bankruptcy court's equitable powers under § 105(a) to enjoin actions against non-debtor co-Defendant in the Dalkon

5

Shield products liability litigation because of the potential impact on the estate and the availability of the insurance proceeds to satisfy the claims); *see also*, *In re Am. Film Techs., Inc.*, 175 B.R. 847, 855 (Bankr. D. Del. 1994) (staying prosecution of wrongful discharge claims against former and present directors of a debtor corporation because of the debtor's indemnification obligations and its possible exposure to collateral estoppel prejudice).

Bankruptcy courts have also enjoined actions against non-debtor parties where the non-debtor's assets were to be used as a source to fund the plan or when preserving the credit standing of the non-debtor party and his ability to borrow played a significant and meaningful role in the Debtor's attempt to achieve reorganization. *In re Regency Realty Associates*, 179 B.R. 717, 719 (Bankr. M.D. Fla. 1995) (recognizing "classic scenarios" for issuance of § 105(a) injunction to protect a non-debtor guarantor when guarantor willing to contribute his credit, funds or properties to fund plan of reorganization); *In re St. Petersburg Hotel Assocs., Ltd.*, 37 B.R. 380 (Bankr. M.D. Fla. 1984) (same); *see also, In re Lazarus Burman Assocs.*, 161 B.R. 891, 899-900 (Bankr. E.D. N.Y. 1993) (enjoining guaranty actions because principals were the only persons who could effectively formulate, fund, and carry out debtors' plans of reorganizations).

Bankruptcy courts have also exercised their discretion to stay actions against a debtor's principal when the principal is a "key person" and should be temporarily protected against lawsuits to devote his full time and energy to the affairs of the debtor, especially in the initial stage of the case. *See, e.g.*, *Nelson*, 140 B.R. at 817 (enjoining actions against the non-debtor guarantor of a debtor corporation's obligations where the guarantor was president of the debtor and the president's services and expertise were essential to the debtor's reorganization); *In re Johns-Manville Corp.*, 33 B.R. 254 (Bankr. S.D.N.Y. 1983) (enjoining all entities and their counsel from commencing, continuing, or taking any action of any type against present, former

4859-1920-9345, v. 4

or future officers, directors, or employees); *In re Ionsphere Clubs, Inc.*, 111 B.R. 423, 435 (Bankr. S.D.N.Y. 1990) (enjoining an Arbitration Action against the chairman of the debtors' board of directors because allowing action against him to proceed would result in substantial time being distracted from the reorganization process); *Kasual Kreation*, 54 B.R. at 917 (court enjoined creditor's action against debtor's principals at a time when their efforts were "essential to the operation of the debtor's business and reorganization"); *In re Ms. Kipps, Inc.*, 34 B.R. 91 (Bankr. S.D.N.Y. 1983) (enjoining action in state court by a labor union against the debtor's president).

E.   A § 105(a) Non-debtor Stay is Warranted in this Case

The Debtor respectfully submits that it can sustain its burden of proof on all necessary elements for a § 105(a) injunction.  The Debtor would also submit that "unusual circumstances" exist in this case justifying a § 105(a) non-debtor stay.

**The Debtor's Business**

1.    Eagle Hemp, LLC is a Florida limited liability company which was formed in June of 2019.  Eagle Hemp manufactures and sells ultra-purified full spectrum cannabidiol ("CBD") products formulated with U.S. grown hemp and extracted using Good Manufacturing Practices at facilities certified to meet FDA quality standards.  The CBD products include tinctures, gummies, and topical cream.  Eagle Hemp manufactures CBD oil for its products at its facility in Lakeland, Florida.

**The Chapter 11 Case**

2.    On September 20, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4859-1920-9345, v. 4

3.      The Debtor's assets consist primarily of cash, accounts receivable, inventory, and raw materials.

4.      The Debtor's secured obligations are comprised of amounts due and owing to (i) George L. Southworth Revocable Trust Dated February 17, 2006, as Amended (the "**GLS Trust**") and (ii) 3KS Family, LLLP ("**3KS**").  GLS Trust is owed approximately $16.9 million dollars and 3KS is owed approximately $4 million dollars. The Debtor owes sales tax in the approximate amount of $100,000.00 and unsecured debt estimated at approximately $8.5 million dollars. Affiliati is expected to assert a general unsecured claim against the Debtor in the amount of $984,600.00, although it has not filed a proof of claim as of this filing.

5.      This Chapter 11 case is in its initial stage having been pending for approximately two (2) weeks. At this initial stage of the case, it is contemplated that the Debtor will engage in a sale process of substantially all of its assets. In advance of the deadline imposed by the Bankruptcy Code, the Debtor intends to file a plan of reorganization which provides for distribution of such sale proceeds towards: (a) the payment of any allowed administrative and priority tax claims on the effective date; (b) the payment of allowed secured claims from the sale proceeds; (c) the payment of any allowed priority claims on the effective date; and (d) the payment of allowed unsecured claims, from sale proceeds remaining after the payment of operating expenses and senior claims.

6.      The Debtor currently has 6 employees, including Mr. Atkins.  Mr. Atkins serves as President to the Debtor and has been managing the Debtor's operations for four (4) years. Mr. Atkins is essential to the Debtor's reorganization efforts.  He oversees every facet of the Debtor's operations on a daily basis, including communications with vendors,

4859-1920-9345, v. 4

employees, other constituents, and creditors.  Mr. Atkins works in excess of forty (40) hours per week in performing these duties.

### The Arbitration Action

7.      On or about September 2, 2022, the Defendant brought the Arbitration Action asserting in its Demand for Arbitration and Statement of Claim breach of an affiliate marketing contract for failure to pay outstanding invoices in the amount of $984,600.00 against the Debtor and Mr. Atkins. Specifically, the Defendant brought four counts – Count I for Breach of Contract against the Debtor and Mr. Atkins, Count II for Open Account against the Debtor, Count III for Account Stated against the Debtor, and Count IV for Unjust Enrichment against the Debtor and Mr. Atkins.  The Defendant asserts that Mr. Atkins agreed to guarantee payment under the marketing contract; an assertion which Mr. Atkins disputes.

8.      The Defendant filed in the Arbitration Action a Motion for Summary Judgment seeking a judgment in the amount of $984,600.00, plus attorney's fees and prejudgment interest.  On September 1, 2023, the arbitrator entered his *Order on Dispositive Motion* with the issue of the amount to be awarded to be determined. The Defendant was to submit an application for attorneys' fees and calculation of any interest that it claims, with time for the Debtor and Mr. Atkins to respond.  As of the Petition Date, no judgment has been entered in the Arbitration Action.

### Substantial Likelihood on the Merits

9.      The Debtor has a substantial likelihood of success in achieving a successful reorganization, particularly if it has the assistance of Mr. Atkins.  *See Hillsborough Holdings Corp. v. Celotex*, 123 B.R. 1004 (M.D. Fla. 1990) ("In the context of a Chapter 11 case, the

4859-1920-9345, v. 4

'likelihood of success on the merits' really means the probability of a successful plan of reorganization.")

10.     At this initial stage of the case, it is contemplated that the Debtor will engage in a sale process of substantially all of its assets. In advance of the deadline imposed by the Bankruptcy Code, the Debtor intends to file a plan of reorganization which provides for distribution of such sale proceeds towards: (a) the payment of any allowed administrative and priority tax claims on the effective date; (b) the payment of allowed secured claims from the sale proceeds; (c) the payment of any allowed priority claims on the effective date; and (d) the payment of allowed unsecured claims, from sale proceeds remaining after the payment of operating expenses and senior claims.

### Irreparable Harm

11.     In this case, there are "unusual circumstances" giving rise to irreparable harm.

12.     If the Defendant is not enjoined from prosecuting the Arbitration Action against Mr. Atkins during the pendency of this Chapter 11 case, it will have catastrophic, deleterious effects on the Debtor's ability to reorganize.

13.     The Debtor cannot operate without Mr. Atkins.  He is the President of the Debtor.  He oversees every facet of the Debtor's operations on a daily basis, including communications with vendors, employees, other constituents, and creditors. In addition, if the Arbitration Action proceeds, judgment is entered against Mr. Atkins, and the Defendant proceeds with collection efforts against Mr. Atkins:

    a.    Mr. Atkins will be forced to expend additional resources to defend the Arbitration Action, which will adversely impact his willingness and ability to assist the Debtor with its plan of reorganization.

4859-1920-9345, v. 4

b.      Requiring Mr. Atkins to defend the Arbitration Action will be costly and time consuming to defend at a time when the Debtor needs Mr. Atkins's attention devoted to the reorganization effort.

c.      The entire reorganization effort would be in jeopardy as the Defendant may attempt to freeze, garnish, or levy on Mr. Atkins's assets, which would draw Mr. Atkin's attention away from the Debtor's reorganization efforts.

14.      In addition, unless the Arbitration Action is stayed, the Debtor will suffer further irreparable harm because a judgment against Mr. Atkins may give rise to indemnification claims by Mr. Atkins against the estate.

15.      Furthermore, it is the Debtor's position that the automatic stay applies and an injunction should be granted as the Defendant may argue that its claim against the Debtor has been established and liquidated by the judgment against Mr. Atkins on his purported guarantee of the Debtor's obligations and that such judgment is binding against the Debtor.

16.      Allowing the Defendant to attempt to proceed to judgment will prejudice the rights of all creditors and result in an unfair distribution of assets based on a race to the courthouse.

## **Balance of Prejudice**

17.      In contrast to the irreparable harm set forth above, the evidence will show that the Defendant will suffer little, if any, prejudice from a stay of the Arbitration Action pending confirmation of a plan of reorganization.

18.      At this initial stage of the case, it is contemplated that the Debtor will engage in a sales process of substantially all of its assets. In advance of the deadline imposed by the Bankruptcy Code, the Debtor intends to file a plan of reorganization which provides for distribution of such sale proceeds towards: (a) the payment of any allowed administrative and

priority tax claims on the effective date; (b) the payment of allowed secured claims from the sale proceeds; (c) the payment of any allowed priority claims on the effective date; and (d) the payment of allowed unsecured claims, from sale proceeds remaining after the payment of operating expenses and senior claims.

19.     The only harm that might befall the Defendant is a relatively brief delay in the prosecution of the Arbitration Action if a plan is not confirmed.

20.     In the interim, the Defendant may file an appropriate proof of claim with this Court.

## Public Interest

21.     The public interest would not be harmed if the Court temporarily stays the Arbitration Action pending confirmation of a plan.

22.     The granting of the injunctive relief sought herein unequivocally advances a significant public interest, that is, in effectuating a successful reorganization of the Debtor as contemplated by the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.; and in assuring that the legitimate rights of the vendors, employees, creditors, and other parties in interest are protected.

## Relief Requested

For the reasons set forth herein, the Debtor respectfully requests that the Court issue a preliminary injunction enjoining the Defendant's prosecution against Mr. Atkins of the Arbitration Action during the pendency of this Chapter 11 case pending confirmation of a plan of

4859-1920-9345, v. 4

reorganization (as may be amended from time to time) and provide such other and further relief as may be just and proper.

/s/ Elena Para Ketchum
Elena Paras Ketchum (FBN 0129267)
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: eketchum@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Motion for Preliminary Injunction with Supporting Memorandum of Law* has been furnished on this 5th day of October, 2023, by either email or U.S. Mail to:

| | |
|---|---|
| Ruben E. Socarras, Esq.<br>Chane Socarras<br>327 Plaza Real Blvd., Suite 217<br>Boca Raton, FL 33432<br>Email: rsocarras@cslawfl.com | Ms. Paris N. Wilkerson<br>Manager of ADR Services<br>220 Century Parkway, Suite 300<br>Atlanta, GA 30345<br>Email: pariswilkerson@adr.org |
| John Arrastia, Esq.<br>Continental PLLC<br>255 Alhambra Circle, Suite 6470<br>Coral Gables, FL 33134<br>Email: jarrastia@continentalpllc.com | Mandell Sundarsingh, Esq.<br>Sundarsingh Law PL<br>1400 Centreoak Blvd, Suite 603<br>West Palm Beach, FL 33401<br>Email: mandell@creativelaw.com |

/s/ Elena Paras Ketchum
Elena Paras Ketchum

4859-1920-9345, v. 4